CHARLIER v. SAGINAW STEEL S. S. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

SUPPLEMENTARY PROCEEDINGS—RECEIVER—SUBSTITUTION IN ACTION BY DEBTOR.
    A receiver in supplementary proceedings cannot be substituted as plaintiff in an action brought by the judgment debtor, where the debtor had assigned the claim to a third person before the supplementary proceedings were begun.

Appeal from special term, New York county.

Action by Elie S. Charlier against the Saginaw Steel Steamship Company.    From an order directing the substitution of Philip J. Britt, receiver, as plaintiff in the action, plaintiff Charlier appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

C. E. Travis, for appellant.
James E. Chandler, for receiver.

PATTERSON, J.    This is an appeal from an order of the special term directing that one Philip J. Britt, a receiver in supplementary proceedings of Elie S. Charlier, be substituted as plaintiff in this action in place of said Charlier.    The court below, in granting the order, seems to have proceeded upon the theory that the claim which the plaintiff seeks to enforce against the defendant in this action was one which belonged to the plaintiff at the time the receiver was appointed, or at the time the supplementary proceedings in which he was appointed were instituted, and that, therefore, the title to the claim in this action vested in the receiver. But the facts as they appear in the papers do not sustain that view. At neither of the times mentioned was Mr. Charlier the owner of the claim in suit in this action.    Before the supplementary proceedings were begun, Charlier had assigned the claim to one Galloway; and the legal title to that claim, and the right to enforce it, belonged to Galloway before any right of the receiver could attach, and Charlier had no control over it.    It did not constitute an asset of the receivership, and the order appealed from should therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.    All concur.